# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **MANDRIEZ SPIVEY,**  *Plaintiff*,  v.  **Warden HUMPHREY,** *et al.*,  *Defendants.* | **CIVIL ACTION NO. 5:21-cv-00467-TES** |

## ORDER DENYING MOTION TO APPOINT COUNSEL

Pro se Plaintiff Mandriez Spivey has asked the Court to appoint him counsel, presumably pursuant to 28 U.S.C. § 1915(e)(1). Plaintiff's Motion to Appoint Counsel [Doc. 22] is **DENIED**.

The Court finds the Eleventh Circuit's recent holding in *Beasley v. United States* instructive. 852 F. App'x 520, 521 (11th Cir. 2021) (per curiam). *Beasley* includes the relevant considerations to be made with respect to appointments of counsel in civil cases. First, "[a] plaintiff in a civil case has no constitutional right to counsel, and while the court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision and should do so only in exceptional circumstances." *Id.* (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). Second, in the Eleventh Circuit, "[e]xceptional circumstances include the presence of 'facts and legal issues [which] are so novel or complex as to require the

assistance of a trained practitioner.'" *Beasley*, 852 F. App'x at 521 (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). Finally, "[t]he key is whether the pro se litigant needs help in presenting the merits of his position to the court." *Id.*

Here, Plaintiff's allegations do not demonstrate that his case contains sufficient "exceptional circumstances" to warrant the appointment of counsel in this matter. Plaintiff has not explained why or how he needs help in presenting his case to the Court. To the contrary, at the preliminary-screening stage the Court was able to discern the claims Plaintiff asserts against his defendants. *See generally* [Doc. 6]. Moreover, the Eighth Amendment claims on which Plaintiff's case is proceeding are not so novel, unusual, or complex to necessitate the appointment of counsel.[1]

Accordingly, the Court **DENIES** Plaintiff's Motion to Appoint Counsel [Doc. 22].[2] *See Bryant v. Clark*, No. 20-14470-G, 2021 WL 5919851, at *1 (11th Cir. June 14, 2021) (noting that the denial of a motion for appointment of counsel in a civil case is not immediately appealable).

**SO ORDERED**, this 13th day of April, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] *See Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (concluding that the "[plaintiff], like any other pro se litigant, would likely have benefitted from the assistance of a lawyer, but his . . . excessive force claims were not so unusual" as to necessitate appointment of counsel).

[2] Should Plaintiff's claims become so unusual and require the appointment of counsel, the Court, **<u>on its own motion</u>**, will appoint counsel for Plaintiff.