# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **MANDRIEZ SPIVEY,**  *Plaintiff,*  v.  **Warden HUMPHREY,** *et al.,*  *Defendants.* | **CIVIL ACTION NO.**  **5:21-cv-00467-TES** |

## ORDER

Following the Court's preliminary screening of pro se Plaintiff Mandriez Spivey's Recast Complaint [Doc. 5], the Court allowed him to proceed with Eighth Amendment claims brought against various known and unknown defendants that allegedly arose during his incarceration with the Georgia Department of Corrections ("GDC"). [Doc. 6, pp. 7–9]. One of those known defendants—Defendant George Ball—has moved to dismiss Plaintiff's claim asserted against him. For the reasons stated below, the Court **GRANTS** Defendant Ball's Motion to Dismiss [Doc. 38].

## FACTUAL BACKGROUND

The facts surrounding Plaintiff's claim against Defendant Ball are simple. Plaintiff alleges that Defendant Ball used excessive force against him when he (along with two other unknown officers) slammed and held Plaintiff's arm wedged in the

prison cafeteria's "tray flap." [Doc. 5, pp. 7–8]. According to Plaintiff, this incident "cause[d] nerve damage." [*Id.* at p. 8].

## DISCUSSION

### A. Legal Standard

When ruling on a motion made under Federal Rule of Civil Procedure 12(b)(6), it is a cardinal rule that district courts must accept the factual allegations set forth in a complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). Under this Rule, a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss. *Barreth v. Reyes 1, Inc.*, No. 5:19-cv-00302-TES, 2020 WL 4370137, at *2 (M.D. Ga. July 29, 2020) (citation omitted). This motion is an "assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint still fails as a matter of law to state a claim upon which relief may be granted." *Id.* However, a complaint survives a Rule 12(b)(6)-based motion if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). With the foregoing standard in mind, the Court rules on Defendant Ball's motion.

### B. Defendant Ball's Motion to Dismiss

Unlike most 12(b)(6)-based motions that attack the sufficiency of a complaint's allegations, Defendant Ball argues that dismissal of Plaintiff's claim asserted against him is warranted on statute-of-limitations grounds.

1.   **Statute-of-Limitations**

Defendant Ball contends that "Plaintiff's claim is due to be dismissed because public information . . . shows that [it] is time-barred." [Doc. 38-1, p. 2]. This public information comes from the GDC's website showing that Plaintiff "was released from incarceration in 2012." [*Id.* at p. 3].

Dismissal of a plaintiff's claim based on a statute-of-limitations defense is appropriate only where it is "'apparent from the face of the complaint' that the claim is time-barred." *Brotherhood of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc.*, 522 F.3d 1190, 1194 (11th Cir. 2008) (quoting *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005)). Although Plaintiff did not have to tell the Court, via his Recast Complaint, when Defendant Ball allegedly wedged his arm into the tray flap, public prison records nevertheless solve the statute-of-limitations issue before it. *See Roberts v. Carnival Corp.*, 824 F. App'x 825, 827 (11th Cir. 2020) (noting that because a statute-of-limitations bar is an affirmative defense, a plaintiff is not required to negate it in his complaint).

Relying on publicly available prison records, Defendant Ball shows the Court that Plaintiff has not been in GDC custody since August 23, 2012. *See generally* [Doc. 38-2]. Although the details of the prison record provided by Defendant Ball were not included in Plaintiff's Recast Complaint (again, they didn't have to be), the Court may still consider them in ruling on Defendant Ball's motion. In the Eleventh Circuit, courts

"may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)). "In this context, 'undisputed' means that the authenticity of the document is not challenged." *Id.*

Here, Plaintiff, in his one-page Response [Doc. 44] to Defendant Ball's motion, does not dispute the information contained in the prison record. Thus, the Court takes judicial notice of and considers the information provided by the GDC. *See K.T. v. Royal Caribbean Cruises, Ltd.*, 931 F.3d 1041, 1047–48 (11th Cir. 2019) (Ed Carnes, C.J., concurring specially) (citations omitted) ("Absent some reason for mistrust, courts have not hesitated to take judicial notice of agency records and reports."). Accordingly, by "supplement[ing] the allegations in [Plaintiff's Recast Complaint] with facts contained in judicially noticed materials"—like the fact that Plaintiff has not been in GDC custody since August 23, 2012—it is clear that the tray-flap incident had to occur *before* Plaintiff's release date. *Id.* at 1048 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

Federal courts look to their forum state's law to determine the applicable statute of limitations for actions brought pursuant to 42 U.S.C. § 1983." *Hammonds v. Mark Shellnut, LLC*, 399 F. App'x 540 (11th Cir. 2010) (per curiam) (citing *Rozar v.* Mullis, 85 F.3d 556, 561 (11th Cir. 1996)); *see also Lovett v.* Ray, 327 F.3d 1181, 1182 (11th Cir. 2003); *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). The statute of limitations applicable to Plaintiff's claims is two years. *Rozar*, 85 F. App'x at 540 (noting that the statute of limitations for a § 1983 claim brought in a Georgia-based federal court is two years). Although Georgia law determines the limitations period, federal law determines when it begins to run. *Lovett*, 327 F.3d at 1182. As Defendant Ball argues, "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Id.*; [Doc. 38-1, p. 4 (citing *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987)). Moreover, "[t]he cause of action accrues even though the full extent of the injury is not then known or predictable." *Wallace v. Kato*, 549 U.S. 384, 391 (2007).

Thus, giving Plaintiff the benefit of all doubt that the tray-flap incident alleged in his Recast Complaint occurred on the day his was released from GDC custody—August 23, 2012—he had until August 23, 2014, to assert his Eighth Amendment claim via 42 U.S.C. § 1983. In this case, Plaintiff filed his original Complaint [Doc. 1] in December 2021, and that is well outside the two-year statute-of-limitations period. [Doc. 1, p. 9].

5

### 2. "Continuing Violation" Doctrine

However, in response to Defendant Ball's statute-of-limitations defense, Plaintiff argues his claim "is a continuing violation[] . . . because of the injury to [his] left arm and the mental and emotional damage endured[.]" [Doc. 44, p. 1]. Plaintiff's understanding of the "continuing violation" doctrine, however, is wrong.

Unlike Plaintiff's claim of excessive force, "[w]hen a claim 'involves a continuing injury, the cause of action accrues, and the limitation period begins to run, at the time the unlawful conduct ceases.'" *Jackson v. Conway*, No. 1:15-CV-2383-SCJ, 2016 WL 11643081, at *7 (N.D. Ga. Oct. 21, 2016) (quoting *Smith v. Shorstein*, 217 F. App'x 877, 881 (11th Cir. 2007)). "In determining whether to characterize a violation as 'continuing,' it is important to distinguish between the 'present consequences of a one-time violation,' which do not extend the limitation period, and 'a continuation of a violation into the present,' which does." *Jackson*, 2016 WL 11643081, at *7 (quoting *Nat'l Oaks & Conservation Ass'n, Inc. v. Tenn. Valley Auth.*, 502 F.3d 1316, 1322 (11th Cir. 2007)).

To put all of this into context for Plaintiff's Eighth Amendment claim against Defendant Ball, Plaintiff argues that because he continues to feel the effects of the alleged injury to his left arm (the present consequences), "this should satisfy" the statute-of-limitations defense raised by Defendant Ball. [Doc. 44, p. 1]. That's simply incorrect. As discussed above, "present consequences"—the injury Plaintiff claims he still feels—do not extend the applicable two-year limitations period for the "one-time

6

violation"—the alleged tray-flap incident. In other words, although Plaintiff may still feel the effects of the alleged incident, that's not the measure of when the "continuing violation" doctrine applies. *Jackson*, 2016 WL 11643081, at *7.

Since "distinct instances of [alleged] excessive force . . . do *not* amount to continuing violations[]" and because Plaintiff filed his original Complaint well outside the applicable two-year limitations period, the Court **GRANTS** Defendant George Ball's Motion to Dismiss [Doc. 38]. *Id.* (citing *Gaspard v. DEA Task Force*, No. CV1501802, 2016 WL 2586182, at *6 (C.D. Cal. Apr. 4, 2016) (noting that the "continuing violation" doctrine "does not apply to discrete incidents of alleged excessive force, each of which is independently actionable[]"); *see also* [Doc. 45, p. 2 (citing *McGroarty v. Swearingen*, 977 F.3d 1302, 1307 (11th Cir. 2020))].

### C. Plaintiff's Motion to Add Claims

Also pending is Plaintiff's Request to Add Claims [Doc. 41] against Defendant Ball (as well as the two unknown officers) for mental and emotional damage resulting the alleged "tray flap" incident. [Doc. 41, p. 1]. Since Plaintiff is proceeding pro se, his documents are to be liberally construed and held to less stringent standards than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, the Court **CONSTRUES** Plaintiff's Request to Add Claims as a Motion to Amend made pursuant to Federal Rule of Civil Procedure 15(a)(2). Under this Rule, Plaintiff may "amend [his] pleading only with the opposing party's written consent or the court's leave." Fed. R.

Civ. P. 15(a)(2). While the Court "should freely give leave when justice so requires[,]" it does not have to "allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cit. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Via his amendment, Plaintiff ostensibly seeks to add state-law claims for intentional infliction of emotional distress. However, such claims, resulting from the tray-flap incident would likewise be time-barred as "[t]he statute of limitations in Georgia for an intentional infliction of emotional distress claim is two years." *Baynes v. Philips Med. Sys.*, No. 1:08–CV–2027–TWT, 2009 WL 3158180, at *2 (N.D. Ga. Sept. 25, 2009) (citing O.C.G.A. § 9–3–33). Just as with Plaintiff's § 1983 claim, the "continuing violation" doctrine does not extend this two-year limitations period. Thus, any amendment to add claims for intentional infliction of emotional distress from the tray-flap incident would prove futile. Accordingly, the Court **DENIES** Plaintiff's Motion to Amend [Doc. 41].

### D.     Conclusion

For the reasons stated above, the Court **GRANTS** Defendant George Ball's Motion to Dismiss [Doc. 38] and **DIRECTS** the Clerk of Court to **TERMINATE**

Defendant "Sergeant Ball" as a party to this action. With respect to Plaintiff's Motion to Amend [Doc. 41], it is **DENIED** because the claims he seeks to add are futile.

**SO ORDERED**, this 28th day of June, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
