**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **MANDRIEZ SPIVEY,** | |
| *Plaintiff,* | **CIVIL ACTION NO.** |
| **v.** | **5:21-cv-00467-TES** |
| **Warden HUMPHREY,** *et al.,* | |
| *Defendants.* | |

**ORDER GRANTING DEFENDANT MALONE'S**
**MOTION TO DISMISS**

Following the Court's preliminary screening of pro se Plaintiff Mandriez

Spivey's recast complaint [Doc. 5], the Court allowed him to proceed with Eighth

Amendment claims brought against various known and unknown defendants that

allegedly arose during his incarceration with the Georgia Department of Corrections

("GDC"). [Doc. 6, pp.7-9]. One of those known Defendants – Defendant Victoria Malone

– has moved to dismiss Plaintiff's claim asserted against her. For the reasons stated

below, the Court **GRANTS** Defendant Malone's Motion to Dismiss [Doc. 47].

## FACTUAL BACKGROUND

The facts surrounding Plaintiff's claim against Defendant Malone are simple.

Plaintiff alleges that Malone, a member of the mental health team at the Georgia

Department of Corrections ("GDC"), improperly found Plaintiff to need involuntary

medication, "with no legal reason." [Doc. 5, pp. 2-5]. Plaintiff also alleges that Malone sought to "cover up and retaliate against [him] for the assaults Plaintiff endured while in Jackson State High-Maximum Security Correctional Facility." [*Id.* at p. 4].

Plaintiff has brought this suit against Malone for three main reasons: (1) he believes that the mental health administrative team, which includes Malone, improperly diagnosed his mental aptitude; (2) he alleges that that Malone participated in the decision to have him involuntary medicated; and (3) he alleges that Malone sought to cover up and retaliate against Plaintiff for complaining about injuries he suffered when the guards supposedly closed his arms in the prison cafeteria's tray flap.[1]

## **DISCUSSION**

### A. **Legal Standard**

When ruling on a motion made under Federal Rile of Civil Procedure 12(b)(6), it is a cardinal rule that district courts must accept the factual allegations set forth in a complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). Under this Rule, a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss. *Barreth v. Reyes 1, Inc.*, No. 5:19-cv-00302-TES, 2020 WL 4370137, at *2 (M.D. Ga. July 29, 2020) (citation omitted). This motion is an "assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint still fails as a matter of law to state a

---

[1] The Court described this incident in more detail in its order granting Defendant Ball's Motion to Dismiss [Doc. 46]. Generally, Plaintiff alleged that certain officers working at GDC injured him when they slammed and held his arm wedged in the prison cafeteria's tray, causing Plaintiff to suffer nerve damage to his arm and unspecified mental and emotional damage. [*Id.*, pp. 1-2].

claim upon which may be granted." *Id*. However, a complaint survives Rule 12(b)(6)-based motion id it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, <u>907 F.3d 1324, 1333</u> (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, <u>556 U.S. 662, 678</u>—79 (2009)). With the forgoing standard in mind, the Court rules on Defendant Malone's motion.

**B. <u>Defendant Malone's Motion to Dismiss</u>**

Unlike most 12(b)(6)-based motions that attack the sufficiency of a complaint's allegations, Defendant Malone argues that dismissal of Plaintiff's claim asserted against her is warranted on the statute-of-limitations grounds.

**1. Statute-of-Limitations**

Defendant Malone contends that, "like his claim against Defendant Ball, Plaintiff's claim against Defendant Malone is also due to be dismissed because it is well outside Georgia's two-year statute of limitations." [<u>Doc. 47, p. 2</u>].

Dismissal of a plaintiff's claim based on a statute-of-limitations defense is appropriate only where it is "'apparent from the face of the complaint' that the claim is time-barred." *Brotherhood of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc.*, <u>522 F.3d 1190, 1194</u> (11th Cir. 2008) (quoting *Tello v. Dean Witter Reynolds, Inc.*, <u>410 F.3d 1275, 1288</u> (11th Cir. 2005)). Although Plaintiff did not have to tell the Court, via his Recast Complaint, the specific dates covering Defendant Malone's particular role in diagnosing and medicating him, public prison

3

records nevertheless solve the statute-of-limitations issue before it. *See Roberts v. Carnival Corp.*, 824 D. App'x 825, 827 (11th Cir. 2020) (noting that because a statute-of-limitations bar is an affirmative defense, a plaintiff is not required to negate it in his complaint).

Defendant Malone refers the Court to the publicly-available prison record of Plaintiff, showing that he has not been in GDC custody since August 23, 2012. *See generally* [Doc. 38-2]. Although the details of the prison record provided by Defendant Ball, (which Defendant Malone incorporated by reference), were not included in Plaintiff's Recast Complaint (again, they didn't have to be), the Court may still consider them in ruling on Defendant Malone's motion. In the Eleventh Circuit, courts "may consider a document attached to a motion to dismiss without converting the motion into one for summary judgement if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)). "In this context, 'undisputed' means that the authenticity of the document is not challenged." *Id.*

In Plaintiff's recast complaint [Doc. 5], Plaintiff does not contend that his publicly available prison records are incorrect. Thus, the Court takes judicial notice of and considers the information provided by the GDC. *See K.T. v. Royal Caribbean Cruises, Ltd.*, 931 F.3d 1041, 1047-48 (11th Cir. 2019) (Ed Carnes, C.J., concurring specially) (citation omitted) ("Absent some reason for mistrust, courts have not hesitated to take judicial

notice of agency records and reports."). Accordingly, by "supplement[ing] the allegations in [Plaintiff's Recast Complaint] with facts contained in judicially noticed materials"—like the fact that Plaintiff has not been in GDC custody since August 23, 2012—it is clear that the tray-flap incident had to occur *before* Plaintiff's release date. *Id.* at 1048 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.")

Federal Courts look to their forum state's law to determine the applicable statute of limitations for actions brought pursuant to 42 U.S.C. § 1983. *Hammonds v. Mark Shellnut, LLC*, 399 F. App'x 540 (11th Cir. 2010) (per curiam) (citing *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996)); *see also Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003); *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). The statute of limitations applicable to Plaintiff's claims is two years. *Rozar*, 85 F. App'x at 540 (noting that the statute of limitations for a § 1983 claim brought in a Georgia-based federal court is two years). Although Georgia law determines the limitations period, federal law determines when it begins to run. *Lovett*, 327 F.3d at 1182. As Defendant Ball argued in his motion, "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent

regard for his rights." *Id.*; [Doc. 38-1, p. 4 (citing *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987)). Moreover, "[t]he cause of action accrues even though the full extent of the injury is not then known or predictable." *Wallace v. Kato*, 549 U.S. 384, 391 (2007).

Thus, giving Plaintiff the benefit of all doubt, it is necessarily true that nothing that Plaintiff alleges that Defendant Malone did to him while he was in prison could have occurred except during the time that Plaintiff was physically in prison. Therefore, any allegations that Defendant Malone contributed to any improper mental health diagnosis resulting in forced medication, as well any alleged retaliation over the tray-flap incident had to have occurred before he was released from GDC custody – August 23, 2012. So, it necessarily follows that he had until August 23, 2014, to assert his Eighth Amendment claim via 42 U.S.C. § 1983.[2] In this case, Plaintiff filed his original Complaint [Doc. 1] in December 2021, and that is well outside the two-year statute-of-limitations period. [Doc. 1, p. 9].

---

[2] In his response, Plaintiff says that he was incarcerated until some unspecified time in 2020. [Doc. 52]. And he's right. But, Plaintiff was released from federal prison in 2020 and the numerous defendants he names in this suit all work (or worked) for the Georgia Department of Corrections. The fact remains that Plaintiff's suit only seeks to recover for actions that allegedly occurred during his stint in Georgia prisons and, as explained in the next section, any potential injuries that he contends he suffered later in federal prison as a result of the actions taken against him in state prison does not extend the applicable statute of limitations. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (a district court need not allow an amendment where, among other reasons, the "amendment would be futile.").

2. **"Continuing Violation" Doctrine (continuing wrong in this new response)**

However, in response to Defendant Malone's statute-of-limitations defense, Plaintiff argues his claim "should constitute a continuing wrong" because of "the mental and emotional distress [he] suffered due to the assault." [Doc. 52]. Plaintiff also argues that "the organization of the Department of Justice workers that used excessive force against me should constitute a continuing wrong" [Doc. 52, p. 2].[3] As the court recognizes Plaintiff's use of "continuing wrong" in his response [Doc. 52], as the same as his use of "continuing violation" in his recast complaint [Doc. 44], the court finds Plaintiff's understanding of the "continuing violation" doctrine to be wrong. [4]

Unlike Plaintiff's claim of excessive force, "[w]hen a claim 'involves a continuing injury, the cause of action accrues, and the limitation period begins to run, at the time

---

[3] The Court recognizes that Plaintiff attempted to link his diagnosis and medication to the alleged tray flap incident in his recast complaint. However, Plaintiff does not claim a continuing violation from the allegedly improper diagnosis and forced medication in his recast complaint.

[4] The Court recognizes that Plaintiff has made new claims in his response to Defendant Malone's Motion to Dismiss, claiming a continued use of excessive force on him while in the "BOP," which the Court notes stands for the Bureau of Prisons, i.e., federal prison. [Doc. 52]. As Plaintiff neither included these new claims in his recast complaint (the operative pleading), nor tried to amend his recast complaint to include them, the Court will not consider them.

First, Plaintiff can't amend his Recast Complaint via a response to Defendant Malone's Motion to Dismiss. *Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 683 (11th Cir. 2018) ("[W]e've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend.") (noting also that "a motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment") (cleaned up). And, to the extent that the Court could construe his motion as a motion to amend his recast complaint, the Court denies it because any amendment would be futile for the same reasons described above – he hasn't been in a Georgia prison since 2012. Moreover, if he in fact suffered any injuries in federal prisons, these defendants didn't cause them. Thus, any claim he could purport to make in his response would be futile.

the unlawful conduct ceases,'" *Jackson v. Conway*, No. 1:15-CV-2383-SCJ, <u>2016 WL 11643081</u> at *7 (N.D. Ga. Oct. 21, 2016) (quoting *Smith v. Shorstein*, <u>217 F. App'x 877, 881</u> (11th Cir. 2007)). "In determining whether to characterize a violation as 'continuing,' it is important to distinguish between 'the present consequences of a one-time violation,' which do not extend the limitation period, and 'a continuation of a violation into the present,' which does." *Jackson*, <u>2016 WL 11643081</u>, at *7 (quoting *Nat'l Oaks & Conservation Ass'n, Inc. v. Tenn. Valley Auth.*, <u>502 F.3d 1316, 1322</u> (11th Cir. 2007)).

To put all of this into context for Plaintiff's Eighth Amendment claim against Defendant Malone, Plaintiff argues that because he continues to feel the "mental and emotional distress" he suffered through the alleged incident, (paired with the GDC's mental health team finding "[him] to need involuntary medication improperly" [<u>Doc. 5, p. 4</u>]), Plaintiff believes that this "should constitute a continuing wrong," which negates the statute-of-limitations defense raised by Defendant Malone. [<u>Doc. 52</u>]. That's simply incorrect. As discussed above, "present consequences" – the injury Plaintiff claims he still feels – do not extend the applicable two-year limitations period for the "one-time violation" – whether it be the alleged misdiagnosis, involuntary medication or retaliation of which he complains. In other words, although Plaintiff may still feel the effects of the alleged incident, that's not the measure of when the "continuing violation" doctrine applies. *Jackson*, <u>2016 WL 11634081</u>, at *7.

Since "distinct instances of [alleged] excessive force … do *not* amount to

8

continuing violations[]" and because Plaintiff filed his original Complaint well outside the applicable two-year limitations period, the Court **GRANTS** Defendant Malone's Motion to Dismiss [Doc. 47]. *Id.* (citing *Gaspard v. DEA Task Force*, No. CV1501802, 2016 WL 2586182, at *6 (C.D. Cal. Apr. 4, 2016) (noting that the "continuing violation" doctrine "does not apply to discrete incidents of alleged excessive force, each of which is independently actionable[]").

**C.  Conclusion**

For the reasons stated above, the Court **GRANTS** Defendant Victoria Malone's Motion to Dismiss [Doc. 47] and **DIRECTS** the Clerk of Court to **TERMINATE** Defendant "Warden Malone" as a party to this action.

**SO ORDERED**, this 11th day of July, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**