IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **MANDRIEZ SPIVEY,**<br><br>*Plaintiff,*<br><br>v.<br><br>**Warden HUMPHREY,** *et al.,*<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:21-cv-00467-TES** |

**ORDER GRANTING DEFENDANT BURNSIDE'S MOTION TO DISMISS**

This matter is before the Court on two motions brought by Defendant Dr. Edward Burnside: a Motion to Set Aside Default [Doc. 48] and a Motion to Dismiss [Doc. 49].

The facts underlying Plaintiff Mandriez Spivey's claims have been explained in previous orders ruling on Defendant George Ball and Victoria Malone's dismissal motions. *See, e.g.*, [Doc. 46]; [Doc. 53]. Easily enough, Defendant Burnside's Motion to Dismiss involves most of those same substantive facts, but unlike Defendants Ball and Malone, Defendant Burnside argues that he is in default "by operation of law." [Doc. 48, p. 2]. However, the Court is not aware of any textual support in the Federal Rules of Civil Procedure that allows for defaults to occur by operation of law. *But see Slaughter v. Gramiak*, No. 5:15-cv-90, 2018 WL 1937353 (S.D. Ga. Apr. 24, 2018).

Federal Rule of Civil Procedure 55 clearly states that "the Clerk *must* enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added). Plaintiff, however, failed to make an application to the Clerk of Court for an entry of default to be placed on the record against Defendant Burnside. Thus, there is no entry of default for the Court to set aside. For that reason, the Court jumps directly to Defendant Burnside's dismissal motion. *See Owens v. U.S. Bank Nat'l Ass'n*, No. 1:11-cv-1364-TCB, 2012 WL 13012370, at *2 (N.D. Ga. Feb. 16, 2012) (citation omitted) ("Under Rule 55, '[e]ven if a party answers late, if the party files an answer [or otherwise responds to a plaintiff's complaint] prior to the request for entry of default, the clerk may not enter default.'").

    A.    <u>**Motion to Dismiss**</u>

        1.    **Factual Background**

The facts surrounding Plaintiff's claim against Defendant Burnside are simple. They arise out of an incident where prison officials allegedly slammed and held Plaintiff's arm wedged in the prison cafeteria's "tray flap." [Doc. 5, pp. 7–8]. Plaintiff alleges that Defendant Burnside "failed to document, diagnose, or treat" the injuries from that incident. [*Id.* at p. 8].

        2.    **Legal Standard for Motions to Dismiss**

When ruling on a motion made under Federal Rile of Civil Procedure 12(b)(6), it is a cardinal rule that district courts must accept the factual allegations set forth in a complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). Under this Rule, a

defendant may test the legal sufficiency of a complaint by way of a motion to dismiss. *Barreth v. Reyes 1, Inc.*, No. 5:19-cv-00302-TES, 2020 WL 4370137, at *2 (M.D. Ga. July 29, 2020) (citation omitted). This motion is an "assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint still fails as a matter of law to state a claim upon which may be granted." *Id*. However, a complaint survives Rule 12(b)(6)-based motion if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). With the foregoing standard in mind, the Court considers Defendant Burnside's arguments and rules on his dismissal motion below.

    **3.**    **Discussion**

Unlike most 12(b)(6)-based motions that attack the sufficiency of a complaint's allegations, Defendant Burnside—like two other defendants before him—argues that dismissal of Plaintiff's claim asserted against him is warranted on the statute-of-limitations grounds. *See* [Doc. 38] *in connection with* [Doc. 46]; *see also* [Doc. 47] *in connection with* [Doc. 53].

    a.    <u>Statute-of-Limitations Defense</u>

Relying on the fact that the Court "already found . . . Plaintiff's claim relating to the tray flap incident [to be] barred by Georgia's two-year statute of limitations[,]" Defendant Burnside contends Plaintiff's Eighth Amendment claim for inadequate

3

medical treatment brought against him under 42 U.S.C. § 1983 fails for the same reason. [Doc. 49, p. 1 (citing [Doc. 46, p. 5])].

Dismissal of a plaintiff's claim based on a statute-of-limitations defense is appropriate only where it is "'apparent from the face of the complaint' that the claim is time-barred." *Brotherhood of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc.*, 522 F.3d 1190, 1194 (11th Cir. 2008) (quoting *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005)); *see also Roberts v. Carnival Corp.*, 824 F. App'x 825, 827 (11th Cir. 2020) (noting that because a statute-of-limitations bar is an affirmative defense, a plaintiff is not required to negate it in his complaint). Consistent with the Court's previous judicial notice, the public prison records filed in this case quickly resolve the statute-of-limitations issue before it. *See, e.g.*, [Doc. 38-2].

For the same reasons the Court took judicial notice of the prison records filed in connection with two previous dismissal motions, *see, e.g.*, [Doc. 46, pp. 3–5], the Court relies on Plaintiff's release date from *GDC custody* of August 23, 2012. [Doc. 38-2, p. 3]; *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)); *see also* n.2, *infra*.

Federal courts look to their forum state's law to determine the applicable statute of limitations for actions brought pursuant to § 1983. *Hammonds v. Mark Shellnut, LLC*, 399 F. App'x 540 (11th Cir. 2010) (per curiam) (citing *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996)); *see also Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003); *McNair v.*

4

*Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). The statute of limitations applicable to Plaintiff's § 1983 claim for inadequate medical treatment against Defendant Burnside is two years. *Rozar*, 85 F. App'x at 540 (noting that the statute of limitations for a § 1983 claim brought in a Georgia-based federal court is two years). Although Georgia law determines the limitations period, federal law determines when it begins to run. *Lovett*, 327 F.3d at 1182. As has already been argued to the Court, "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Id.*; *see* [Doc. 38-1, p. 4 (citing *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987)). Moreover, "[t]he cause of action accrues even though the full extent of the injury is not then known or predictable." *Wallace v. Kato*, 549 U.S. 384, 391 (2007).

Thus, giving Plaintiff the benefit of all doubt that Defendant Burnside "failed to document, diagnose, or treat" him for the alleged tray-flap injuries, he had until August 23, 2014, to assert the instant Eighth Amendment claim brought via § 1983. In this case, Plaintiff filed his original Complaint [Doc. 1] in December 2021, and that is well outside the two-year statute-of-limitations period. [Doc. 1, p. 9].

      b.    <u>"Continuing Violation" Doctrine</u>

However, in response to Defendant Burnside's statute-of-limitations defense, Plaintiff argues that his allegations "should constitute a continuing wrong" because of

"the mental and emotional distress [he] suffered due to the assault."[1] [Doc. 52, p. 2]. Plaintiff also argues that "the organization of the Department of Justice workers that used excessive force against [him] should constitute a continuing wrong" [*Id.*]. The Court recognizes that Plaintiff's use of "continuing wrong"—in his arguments related to Defendant Burnside's dismissal motion—are the same as his use of "continuing violation" raised in a previous brief opposing another defendant's dismissal motion. *See* [Doc. 38] *in connection with* [Doc. 44]. Once again, Plaintiff's understanding of the "continuing violation" doctrine is simply wrong.[2] *See* [Doc. 46, p. 6].

Unlike Plaintiff's Eighth Amendment claim for inadequate medical treatment against Defendant Burnside, "[w]hen a claim 'involves a continuing injury, the cause of action accrues, and the limitation period begins to run, at the time the unlawful conduct ceases,'" *Jackson v. Conway*, No. 1:15-CV-2383-SCJ, 2016 WL 11643081 at *7 (N.D. Ga.

---

[1] The Clerk of Court docketed Plaintiff's Response [Doc. 52] as pertaining Defendant Victoria Malone's Motion to Dismiss [Doc. 47], as well as Defendant Burnside's Motion to Dismiss [Doc. 49]. As of the date of this Order, the Court has not received any other brief/filing from Plaintiff specifically related to the arguments and defenses raised by Defendant Burnside. Since Plaintiff has not sought an extension of time to file a brief specifically related to Defendant Burnside's dismissal motion, the Court has adhered to its regular 21-day response time. LR 7.2, MDGa, *see also* Fed. R. Civ. P. 6(a)(1) & (d) *in connection with* [Doc. 49, p. 2 (noting June 30, 2022, as the date Defendant Burnside filed his dismissal motion)].

[2] To the extent Plaintiff attempts to further amend his Recast Complaint and assert new claims that excessive force was used against him while in the Federal Bureau of Prisons, [Doc. 52, p. 1], via his Response, they are not properly before the Court. *Rosenburg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) (citation omitted) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly."). Even though Plaintiff tells the Court that he "was incarcerated until 2020," the Court has already addressed this allegation. [Doc. 52, p. 1]. Once again, the Court notes that Plaintiff's 2020 release was from the Federal Bureau of Prisons—not the GDC. *See* [Doc. 53, p. 7 n.4].

Oct. 21, 2016) (quoting *Smith v. Shorstein*, 217 F. App'x 877, 881 (11th Cir. 2007)). "In determining whether to characterize a violation as 'continuing,' it is important to distinguish between 'the present consequences of a one-time violation,' which do not extend the limitation period, and 'a continuation of a violation into the present,' which does." *Jackson*, 2016 WL 11643081, at *7 (quoting *Nat'l Oaks & Conservation Ass'n, Inc. v. Tenn. Valley Auth.*, 502 F.3d 1316, 1322 (11th Cir. 2007)).

To put all of this into context for Plaintiff's Eighth Amendment claim against Defendant Burnside, Plaintiff argues that the "continuing violation" doctrine should overcome any statute-of-limitations defense because he continues to feel the "mental and emotional distress" he suffered as a result of the alleged tray-flap incident and the GDC's mental health team finding that he needed to be "involuntary medicat[ed]."[3] [Doc. 52, pp. 1–2]. That is simply incorrect. As discussed above, "present consequences"—the injury Plaintiff claims he still feels—do not extend the applicable two-year limitations period for the "one-time violation"—the claim for inadequate medical treatment that had allegedly occurred almost ten years ago. *Jackson*, 2016 WL 11634081, at *7. Accordingly, the Court **GRANTS** Defendant Burnside's Motion to Dismiss [Doc. 49].

---

[3] The Court has already dismissed Plaintiff's claims related to his mental health finding. [Doc. 6, pp. 9–12].

### B. Conclusion

For the reasons just discussed, the Court **GRANTS** Defendant Burnside's Motion to Dismiss [Doc. 49]. Accordingly, the Court **TERMINATES** Defendant Burnside's Motion to Set Aside Default [Doc. 48] **as moot** and **DIRECTS** the Clerk of Court to **TERMINATE** Defendant "Dr. Burnside" as a party to this action.

With respect to the unknown defendants mentioned at the outset of this Order, the Court, in accordance with *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010), gave Plaintiff the opportunity to describe them to the best of his ability. [Doc. 6, p. 6]. Despite Plaintiff's efforts to provide descriptions of who he believed these unknown defendants to be, *see generally* [Doc. 5], the United States Marshal Service has been unable to locate and/or serve them, and the Court **DISMISSES** Plaintiff's claims asserted against them **without prejudice**. *Stephenson v. Warden, Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)); *see, e.g.*, [Doc. 31 (summons returned unexecuted for "Cert Officer John Doe")]; [Doc. 32 (summons returned unexecuted for "John Doe High Max Guard")]; [Doc. 42 (summons returned unexecuted for "Officer John Doe #3")]; [Doc. 50 (summons returned unexecuted for "John Doe High Max Guard")]; [Doc. 51 (summons returned unexecuted for "Cert Officer John Doe")].

Accordingly, the Court **DIRECTS** the Clerk of Court to **TERMINATE** Defendants "John Doe GDC High Max Guard," "Officer John Doe #3," and "Cert Officer John Doe" as parties to this action.

As for the only remaining known defendant: Defendant Warden Powell, the record shows that the United States Marshal Service could not perfect service of process on him because he is deceased. [Doc. 21]. Accordingly, Defendant Warden Powell may also be **TERMINATED** as a party to this action, and the Clerk of Court may **CLOSE** this case.

**SO ORDERED**, this 25th day of July, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
